44 App. Div. 32, 60 N. Y. Supp. 391. The receiver having had notice of the contestant's right to a portion of said funds before the money was paid over to the plaintiff, he cannot be relieved from responsibility as receiver upon the theory that he acted in good faith. Collis v. Bull (Sup.) 27 N. Y. Supp. 478. If there was any doubt about the justice of the claim, as an officer of the court he should have applied for and taken instructions and directions from the court. The receiver probably had no right to act upon his own judgment, or even on the advice of counsel, without proof of any of the material facts in respect to the validity of said contestant's claim. In re Van De Veer, 63 App. Div. 495, 71 N. Y. Supp. 849.

The contestant's motion herein is therefore granted, with $10 costs and the disbursements paid to the referee.

---

(68 App. Div. 560.)

### In re GRADE CROSSING COM'RS OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. January 7, 1902.)

EMINENT DOMAIN—AWARD OF COMMISSIONERS—APPEAL—PARTIES—SERVICE OF NOTICE.

> Where, by contract, a railroad company and a city are each liable for one-half the amount of compensation awarded for the taking of land for a grade crossing, notice of appeal from the order confirming such award must be served on such railroad company, or the appeal must be dismissed.

Appeal from special term, Erie county.

Application of the grade crossing commissioners of the city of Buffalo for the appointment of commissioners to appraise the damages for the taking of lands. From an order confirming the appraisal and report of such commissioners, Agnes Hubbard, a landowner, appeals. Appeal conditionally dismissed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

George Wadsworth, for appellant.

Spencer Clinton, for respondents.

WILLIAMS, J. The appeal should be dismissed, with costs, unless the appellant perfects her appeal by bringing in the Erie Railroad Company. The record shows that the Erie Railroad Company appeared on the application for the appointment of the commissioners; and, with other parties, consented to such appointment; that the railroad company appeared upon the hearings before the commissioners, and took part in the examination of witnesses, and the railroad company is liable for one half the amount awarded by the commissioners for compensation, costs, and expenses, the city of Buffalo being liable for the other half, in accordance with contracts entered into between the city and the railroad company. Under this condition of things, the amount of compensation awarded to the appellant cannot be changed until the railroad company is first heard. The order appealed from cannot be reversed, and a new

hearing be ordered, until the railroad company is heard in the appellate court. The railroad company has not been brought into this court by the service upon it of a notice of appeal. Until this is done, we cannot consider the appeal, and, if it is not done, we must dismiss the appeal.

Our conclusion therefore is that the appeal should be dismissed, with costs, unless the appellant perfects her appeal by bringing in the Erie Railroad Company, and this should be done within 20 days after entry of order made by this court. All concur.